# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv- 60350-BLOOM/Valle

VILMA WALKER, *et al.*,

    Plaintiffs,

v.

DEUTSCHE BANK NATIONAL TRUST CO.,

    Defendant.
_____/

## ORDER DISMISSING CASE
## WITHOUT LEAVE TO AMEND

**THIS CAUSE** is before the Court upon sua sponte review of the record. Plaintiffs Vilma Walker and Lorren Soares ("Plaintiffs") initiated this action on February 8, 2019, by filing an Emergency Stop Eviction, Regain Title and/or Compensatory and Punitive Damages (the "Emergency Filing"). *See* ECF No. [1]. After a review of the Emergency Filing, the Court dismissed the action without prejudice because the Court did not have jurisdiction to proceed. *See* ECF No. [8]. Plaintiffs have now filed an Amended Complaint. ECF No. [12]. For the reasons that follow, the Complaint is dismissed without leave to amend.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183

(1936)). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give courts power the Congress denied them." *Id*. (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted).

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.* 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). With regard to federal question jurisdiction, the district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C § 1331 (2012). To determine whether a cause of action "arises under" federal law for purposes of Section 1331, the district court applies the "well-pleaded complaint rule," which requires that the Court examine "what necessarily appears in the plaintiff's statement of his own claim[.]" *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) (citation omitted). As such, "federal jurisdiction generally exists 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Id. at 831 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Further, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (footnote

call numbers and citations omitted). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala.*, 168 F.3d at 409 (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

As stated in the Court's Order Dismissing Case, ECF No. [8], merely stating constitutional amendments in a complaint does not confer federal subject matter jurisdiction. *See* ECF No. [8], at 3. The Court dismissed the Emergency Filing because "Plaintiffs [] failed to plead any factual allegations, which would confer jurisdiction upon this Court." *Id.* Plaintiffs have now filed an Amended Complaint. *See* ECF No. [12]. The amendment, however, has again failed to state any facts that would confer jurisdiction upon this Court. *See Generally Id.* Accordingly, the Court is again powerless to proceed, and the Amended Complaint is due to be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Amended Complaint, **ECF No. [12]**, is **DISMISSED WITHOUT LEAVE TO AMEND.**

2. This case shall remain **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 13th day of February, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Lorren G. Soares
4341 SW 160th Avenue, #202
Miramar, FL 33027

Vilma Walker
4341 SW 160th Avenue, #202
Miramar, FL 33027